Dear Mr. Jagneaux:
Your inquiry of recent date addressed to Attorney General Richard P. Ieyoub has been directed to me for attention and reply.
I understand your question to be as follows:
 May an elected school board member hold an employee position with an independent contractor who is performing services with the clerk of court's office in the same parish.
Firstly, it is assumed that the consulting service contractor's employee is under the direct supervision and control of the contractor and not the clerk of court; and secondly, assuming the clerk of court has the authority to do so and has been as a matter of practice using independent contractors to perform certain services in the clerk of court's office, the pertinent provision in the Louisiana Dual Officeholding and Dual Employment Law is contained in R.S. 42:63(D), which in pertinent part reads as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointed office in the government of this state or in the government of a political subdivision thereof . . .
 No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . nor shall any member of any parish government authority or school board hold any office or employment with any sheriff, assessor or clerk of court.
Further, "employment" is defined in the dual officeholding law at R.S. 42:62 and reads as follows:
 (3) "Employment" means any job compensated on a salary or per diem basis other than an elected or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
Therefore, since the school board member in question is not an employee of the clerk of court or of the state government or any political subdivision in this state, the school board member may concurrently serve as an employee of a consulting firm independent contractor who is performing services for the clerk of court.
However, in light of the assumptions made to support our conclusion it might be well to suggest that your question be presented to the Board of Ethics for Elected Officials, 7434 Perkins Road — Suite B, Baton Rouge, Louisiana 70808 for their consideration.
If you have any further questions regarding this matter, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: HARRY H. HOWARD Spec. Asst. Attorney General
HHH/rmd/0208V